# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1734SI

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | On Appeal from the United |
| | * | States District Court |
| v. | * | for the Southern District |
| | * | of Iowa. |
| | * | |
| Wendell S. Williams, | * | [Not to be Published] |
| | * | |
| Appellant. | * | |

_____

Submitted: November 16, 1999

Filed: November 23, 1999

_____

Before RICHARD S. ARNOLD, JOHN R. GIBSON, and BEAM, Circuit Judges.

_____

PER CURIAM.

Wendell S. Williams was convicted of one count of armed bank robbery, in violation of 18 U.S.C.§§ 2113(a), (d), and was sentenced to 84 months (seven years) in prison. He appeals two rulings by the District Court,[1] and we affirm.

_____

[1]The Hon. Ronald E. Longstaff, Chief Judge, United States District Court for the Southern District of Iowa.

Mr. Williams first argues that identification testimony was admitted against him in violation of his due-process rights. The District Court thoroughly addressed this contention in a well-reasoned and competent order, and we agree with its conclusions. The circumstances under which the witness in question first identified Mr. Williams were suggestive, but, on balance, defendant cannot satisfy the difficult requirement of showing a very substantial likelihood of misidentification. It was for the jury to determine what weight to give the eyewitness's identification of Mr. Williams as the robber.

Second, error is assigned in the admission of testimony by an FBI agent as to the letters and parts of words he said he could perceive on a pad on which the robber had allegedly written his demand for money. The impressions on the pad had been enhanced by a process called EST (electrostatic detection). About the process itself, no question is raised. In our view, it was not an abuse of discretion to admit the agent's testimony as lay opinion evidence under Fed. R. Evid. 701. The testimony could have been of use to the jury, and it was up to the jury, when all was said and done, to determine for itself what it thought the indentations on the pad meant. We are content with the District Court's evaluation of this issue.

Affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-